IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE L. McCOY,<br><br>    Petitioner,<br><br>    vs.<br><br>PAUL M. SCHULTZ,<br><br>    Respondent. | CASE NO. CV-F-04-6255 OWW SMS HC<br><br>REPORT AND RECOMMENDATION REGARDING PETITIONER'S REQUESTS FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER<br><br>[Docs. 16, 19, 20, 28] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Now pending before the Court is Petitioner's December 15, 2004, December 28, 2004, and December 30, 2004, requests for preliminary injunction and/or temporary restraining order.

    In his December 15, 2004 request, Petitioner requests a temporary restraining order to prevent the Warden and staff from threatening and provoking Petitioner to commit prohibited acts. Petitioner requests a transfer to a more suitable facility free of retaliatory acts.

    In his December 28, 2004 filing, Petitioner contends that staff are retaliating against for filing the instant action by denying him access to the court, loss of phone privileges, visits, commissary, and placement in segregated confinement.

    In his December 30, 2004 request, Petitioner requests injunctive relief to prevent the retaliation by prison staff against him. Petitioner reiterates the claims raised in his December 28, 2004, filing.

1    In his February 9, 2005 request, Petitioner indicates that he has been transferred to the Federal Correctional Institution, at Victorville. He contends that all of his legal material and personal belongings have been unlawfully seized from him in retaliation for filing a civil action. Petitioner requests a transfer to a more favorable facility.

Petitioner is proceeding in this action pursuant to 28 U.S.C. § 2241, which challenges the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In his requests for injunctive relief, Petitioner seeks relief to compel prison officials to cease retaliating against him and requests transfer to a more suitable facility. These claims are not properly brought in a petition for writ of habeas corpus. Petitioner's complaint clearly concerns the conditions of his confinement and thus is appropriately raised in a pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Accordingly, the Court will recommend that Petitioner's motions be DENIED.

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's requests for a preliminary injunction and/or temporary restraining order be DENIED.

This Report and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | **Dated:    April 25, 2005**             /s/ Sandra M. Snyder
   | icido3                                  UNITED STATES MAGISTRATE JUDGE