IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE L. McCOY, | CASE NO. CV-F-04-6255 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S REQUEST |
| vs. | FOR RELEASE ON BOND |
| PAUL M. SCHULTZ, | [Doc. 45] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Pending before the Court, is Petitioner's motion for release pending review of the petition, filed May 25, 2005.

Pursuant to Rule 23 of the Federal Rules of Appellate Procedure, a Judge may grant a Petitioner release pending its review of a court's decision to deny or grant a prisoner's release. Fed.R.App.P. 23(b), (c). The Federal Rules of Appellate Procedure, however, are applicable only to the extent such a motion is made in United States Court of Appeals. Fed.R.App.P. 1. The Petition for Writ of Habeas Corpus and Motion for Bail pursuant to Rule 23 were both filed in the U.S. District Court for the Eastern District of California. As such, the Federal Rules of Appellate Procedure are inapplicable.

Bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the

petitioner's success.  <u>United States v. Mett</u>, 41 F.3d 1281, 1282 (9th Cir. 1994), *quoting,* <u>Land v. Deeds</u>, 878 F.2d 318, 318-319 (9th Cir. 1989).  A petitioner must demonstrate some circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice.  <u>See</u>, <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (Douglas, Circuit Justice, in chambers); <u>Benson v. California</u>, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to these factors, the Court must take into consideration the petitioner's risk of flight and the danger to the community should he be released.  <u>See</u>, <u>Marino v. Vasquez</u>, 812 F.2d 499, 508-09 (9th Cir. 1987).

This action is proceeding on the third amended petition, filed November 5, 2004.  Review of the amended petition reveals that the requirements for release pending determination of the petition have not been met in the case before the Court.  The claim raised in the amended petition concern inaccurate information in his pre-sentence investigation report and judgment and commitment order which is used by the Federal Bureau of Prisons.  Petitioner claims that his pre-sentence report and judgment and commitment order reflect two prior drug convictions in the State of Florida that he believes were dismissed, and that the BOP has improperly used the past convictions to incorrectly designate him at a "High" security classification level.  Petitioner requests reclassification and redesignation to a lower security institution, to have the "erroneous" information removed from his records, and $10,000 in monetary damages.

While this claim is important in the sense that it alleges a violation of Petitioner's rights under the law, Petitioner's claim is not extraordinary and does not involve special circumstances to warrant his release.  Further, Petitioner fails to demonstrate a high probability of success as Petitioner's claim rests entirely on his allegations in the current motion which restate what is already alleged in the petition.  Respondent has filed an answer to the amended petition contending that it is without merit and should be denied.  Thus, the Court is unable to say with any certainty that based on the information before the Court, Petitioner's case has a high probability of success.[1]

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's request for release on bond, be DENIED.

---

[1] The Court is similarly without sufficient information to adequately consider Petitioner's risk of flight and danger to the community.

2

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 14, 2005**                           **/s/ Sandra M. Snyder**
icido3                                              UNITED STATES MAGISTRATE JUDGE