1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  REGGIE L. McCOY,                              CV F 04-6255 OWW SMS HC

10                      Petitioner,             FINDINGS AND RECOMMENDATIONS
                                                REGARDING PETITION FOR WRIT OF
11         v.                                   HABEAS CORPUS

12                                              [Doc. 1]
    JEFF WRIGLEY,
13
                        Respondent.
14  _____/

15
        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus
16
    pursuant to 28 U.S.C. § 2241.
17
                        PROCEDURAL BACKGROUND[1]
18
        Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution
19
    in Victorville, California (FCI II Victorville).  (Respondent's Exhibit 1, Declaration of Natalie
20
    Wight, BOP Attorney Advisor, Attachment A, at p.1.)  On July 1, 1991, the United States
21
    District Court for the Middle District of Florida sentenced Petitioner to a life sentence for two
22
    counts of conspiracy to possess, and attempted possession of cocaine base with intent to
23
    distribute in violation of 21 U.S.C. §§ 841, 846.  Id. at 4.  On August 19, 1991, Petitioner was
24
    committed to the custody of the BOP.  Id.
25
        As Respondent points out, Petitioner has filed numerous § 2255 challenges to the
26
27  _____
28      [1] This information is derived from the Third and Second Amended Petitions, and Respondent's answer to
    the petition.

1 | imposition and duration of his sentence based on the argument that his presentence report

2 | incorrectly reflects two Florida state drug convictions.  The United States District Court for the

3 | Middle District of Florida has repeatedly reviewed and denied his petitions over the past fifteen

4 | years. See Respondent's Exhibit 4, PACER Criminal Docket for United States v. Reginald

5 | McCoy, Case NO. 8:90-cr-00132-4 (including 8:05-cv-10-T-17-EAJ, January 12, 2005, the most

6 | recent Judgment and Order denying Petitioner's motion to vacate, set aside, or correct his

7 | sentence.)

8 |      Petitioner has also filed numerous appeals with the Eleventh Circuit.  See Respondent's

9 | Exhibit 5, Petitioner's PACER docket for the Eleventh Circuit (including, Appeal No. 04-16159-

10 | C, where the Eleventh Circuit denies Petitioner's application to file a successive § 2255 motion

11 | to vacate, set aside or correct sentence).

12 |      Petitioner filed the instant petition for writ of habeas corpus on September 9, 2004.  An

13 | amended petition was filed on September 10, 2004; a second amended petition was filed on

14 | October 18, 2004; and a third amended petition was filed on November 5, 2004.

15 |      Respondent filed a response to the third amended petition on March 14, 2005.  On March

16 | 21, 2005, Petitioner filed a "motion requesting denial of respondents request for extension of

17 | time and to grant writ of habeas corpus on merits."  As this is the only response filed to

18 | Respondent's answer, the Court construes this motion to be a response to Respondent's answer.

19 | DISCUSSION

20 | I.    Standard of Review

21 |      Writ of habeas corpus relief extends to a person in custody under the authority of the

22 | United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the

23 | validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

24 | pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that

25 | sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

26 | See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of

27 | Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th

28 | Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under

1   28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in

2   an illegal, but not necessarily unconstitutional, manner. See e.g., Clark v. Floyd, 80 F.3d 371,

3   372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward

4   federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a

5   community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in

6   determining whether petitioner could receive credit for time spent in state custody); Brown, 610

7   F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A

8   petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition

9   in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. At the time

10  Petitioner filed the instant petition he was confined at the United States Penitentiary in Atwater,

11  California (USP Atwater), therefore, venue is proper in the Eastern District of California. 28

12  U.S.C. § 2254(a); 2241(d).

13  II.    Proper Respondent

14          The proper respondent is the custodian of the institution where the petitioner is

15  incarcerated. 28 U.S.C. § 2242. Warden Paul Schultz has custody over inmates at USP Atwater.

16  However, on February 2, 2005, the BOP temporarily transferred Petitioner to the Federal

17  Correctional Institution in Victorville, California. See Wight Decl., Attachment A, at p.1. The

18  warden where Petitioner is currently incarcerated, Jeff Wrigley at FCI II Victorville, shall be

19  substituted as the Respondent in this case. See Fed.R.Civ.Pro. 25(d)(1).

20  III.   Exhaustion of Administrative Remedies

21          Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

22  circumstance of imprisonment must first exhaust all administrative remedies. Martinez v.

23  Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

24  1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that

25  federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

26  judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.

27  1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If

28  Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

1  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

2  administrative remedies before proceeding in court."

3       If the petitioner did not properly exhaust his administrative remedies, and such remedies

4  are no longer available, he may have procedurally defaulted on his claims.  See Francis v. Rison,

5  894 F.2d 353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative

6  appeals); see generally Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433

7  U.S. 72, 86-87 (1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988).  If a claim is

8  procedurally defaulted, the court may require the petitioner to demonstrate cause for the

9  procedural default and actual prejudice from the alleged constitutional violation.  See Francis,

10 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray, 477

11 U.S. at 492 (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho

12 State Bd. of Corr., 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro

13 se litigants).

14      Respondent concedes, so this Court finds, that Petitioner has exhausted the administrative

15 remedies with respect to the instant petition.  Respondent submits that computerized indexes of

16 all administrative remedy appeals filed by inmates are maintained by the Regional and Central

17 offices.  The computerized indexes reflect that Petitioner has exhausted his administrative

18 remedies.  (See Wight Decl., ¶ 4, Attachment A.)

19 IV.   Analysis of Claim

20      In the instant petition, Petitioner contends that his Pre-Sentence Investigation Report

21 (PSR) and Judgment and Commitment Order (J&C) contain inaccurate information used by the

22 Federal Bureau of Prison (BOP) to make adverse determinations against him.  (Second Amended

23 Petition at 2.)[2]

24      Respondent contends that the instant petition must be dismissed because Petitioner is

25 attempting to use § 2241 instead of § 2255 without properly demonstrating his entitlement to do

26 so; therefore, this Court lacks jurisdiction over his petition.  In the alternative, Respondent argues

27

28      [2] The Third Amended Petition incorporates the Second Amended Petition.  See Third Amended Petition, at p.3, Ground One.

that the Court should deny the petition on the merits as Petitioner has failed to state a

constitutional claim to warrant relief.

     1.   <u>Jurisdiction</u>

       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> A second or successive [section 2255] motion must be certified as
> provided in section 2244 by a panel of the appropriate court of appeals to contain -
> (1) newly discovered evidence that, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255.  No such certificate has been issued in this case.

     A federal prisoner who wishes to challenge the validity or constitutionality of his

conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v.

Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997);

<u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing

court has jurisdiction.  <u>Tripati</u>, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see

also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

     In contrast, a federal prisoner challenging the manner, location, or conditions of that

sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

<u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d 175,

177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United

States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991);  <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79

(3rd Cir. 1991);  <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v.

United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

     A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

1  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United

2  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has

3  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)

4  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by

5  motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,

6  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions

7  does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

8  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

9  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

10  petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

11  v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see

12  United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

13  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

14  is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United

15  States, 315 F.2d 76, 83 (9th Cir. 1963).

16      Because the current petition was filed after April 24, 1996, the provisions of the

17  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

18  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or

19  successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The

20  court must also dismiss a second or successive petition raising a new ground unless the petitioner

21  can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

22  of the claim was not previously discoverable through due diligence, and these new facts establish

23  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

24  would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

25  However, it is not the district court that decides whether a second or successive petition meets

26  these requirements, which allow a petitioner to file a second or successive petition.

27      Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

28  this section is filed in the district court, the applicant shall move in the appropriate court of

6

1  appeals for an order authorizing the district court to consider the application." In other words,

2  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

3  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

4  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

5  to file the petition because a district court lacks subject-matter jurisdiction over a second or

6  successive petition.  See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (failure to

7  request the requisite authorization to file a second or successive § 2255 motion deprives the

8  district court of jurisdiction).

9       Respondent argues and submits evidence that Petitioner has filed numerous § 2255

10  challenges to the imposition and duration of his sentence based on the argument that the PSR

11  incorrectly reflects two Florida state drug convictions.  Petitioner has also filed numerous appeals

12  to the Eleventh Circuit Court of Appeals.  See Respondent's Exhibit 5, Petitioner's PACER

13  docket for the Eleventh Circuit (including, Appeal No. 04-16159-C, where the Eleventh Circuit

14  denies Petitioner's application to file a successive § 2255 motion to vacate, set aside or correct

15  sentence).  More specifically, as Respondent correctly states, the United States District Court for

16  the Middle District of Florida denied one of Petitioner's § 2241 requests for correction of sentence

17  due to his "erroneous" Florida state drug convictions.  See Respondent's Exhibit 6A, Petition and

18  Order, McCoy v. United States, et al., Case No. 8:01-cv-1299 (M.D. Fla. filed July 9 and July 30,

19  2001, respectively).  The court held that, "McCoy's present petition is an attempt to file yet

20  another successive motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to

21  28 U.S.C. § 2255[.]"  Id., Order at pp. 1-2.

22       In 2004, Petitioner filed a § 2241 petition in the United States District Court for the

23  Western District of Louisiana.  See Respondent's Exhibit 6B, Report & Recommendation and

24  Judgment, McCoy v. Warden Tapia, et al., Case NO. 04-0194-P (W.D. La. filed May 24 and July

25  8, 2004, respectively).  In this case, Petitioner again challenged the validity of his sentence due to

26  the allegedly erroneous prior Florida drug convictions and requested release from confinement.

27  Id., Report & Recommendation, at pp. 1-2.  The Court held that Petitioner was attempting to

28  attack his sentence via a § 2241 motion, without properly satisfying the § 2255 "savings clause,"

1   and dismissed the petition.  Id. at 3-5; see also Order, at 1.

2          Then, again in the Middle District of Florida, Petitioner's mother, Delorse McCoy, filed a

3   § 2241 petition as a "Next Friend" status on behalf of her son.  See Respondent's Exhibit 6C,

4   Petition and Order, Delorse McCoy on behalf of Reginald McCoy v. Ashcroft, et al., Case No.

5   8:04-cv-179-T-17 (M.D. Fla. filed January 30 and February 4, 2004, respectively).  The Court

6   held that Ms. McCoy had failed to adequately demonstrate why Reginald McCoy [Petitioner]

7   could not appear on his own behalf.  Id. at 2.  The Court stated that Petitioner had filed seven

8   earlier § 2255 motions which were denied, an earlier § 2241 petition had been denied by that

9   court, and the Eleventh Circuit denied Petitioner's application for permission to file successive §

10  2255 motions.  Id.  The court interpreted the petition as "an attempt to circumvent the Eleventh

11  Circuit's ruling[.]" Id.

12         In the instant petition, as previously stated herein, Petitioner continues to contend that his

13  PSR and J&C order contain inaccurate information used by the BOP to make adverse

14  determinations against him.  Second Amended Petition, at 2.  Specifically, Petitioner claims his

15  PSR and J&C reflect two prior drug convictions in the State of Florida that he believes were

16  dismissed, and that the BOP has improperly used those convictions to incorrectly designate him at

17  a "high" security classification level.  Id. at 2-4.  It is apparent that Petitioner is attempting to

18  incorporate a claim that his conviction and sentence were invalid because the indictment did not

19  charge, nor did the jury find beyond a reasonable doubt, the quantity of cocaine base for which he

20  was sentenced.  Id. at 3-4.  This claim challenges the validity, not execution, of Petitioner's

21  sentence, which is improper via § 2241.

22         In Blakely v. Washington, 542 U.S. 296 (2004)  the Supreme Court reaffirmed its holding

23  in Apprendi, which held that "any fact [other than the fact of a prior conviction] that increases the

24  penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

25  proved beyond a reasonable doubt." Blakely, 542 U.S. at 341; Apprendi v. New Jersey, 506 U.S.

26  466, 488-490 (2000).  In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the

27  Supreme Court held that the Sentencing Guidelines, as written, violated the Sixth Amendment

28  principles articulated in Blakely.  Id. at 749-756.  As a remedy, the Supreme Court declared the

8

1   Guidelines to be "effectively advisory." <u>Id</u>. at 756.

2        Both <u>Blakely</u> and <u>Booker</u> are extensions of the principles the Supreme Court announced in

3   <u>Apprendi</u>.  Although Petitioner attempts to couch his claim in terms of a classification error, his

4   challenge is indeed based on the holding in <u>Apprendi</u>, and <u>Apprendi</u> is not a new rule of

5   constitutional law.  Indeed, it has been held that <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> do not apply

6   retroactively to cases on collateral review.  <u>Reynolds v. Cambra</u>, 290 F.3d 1029, 1030 (9th Cir.

7   2002) (<u>Apprendi</u> does not apply retroactively to cases on collateral review); <u>Schardt v. Payne</u>, 414

8   F.3d 1025 (9th Cir. 2005) (<u>Blakely</u> does not apply retroactively to cases on collateral review);

9   <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005) ("Booker is not retroactive, and does

10  not apply to cases on collateral review where the conviction was final as of the date of Booker's

11  publication.")  Petitioner has made no showing that he is factually innocent of the crime for which

12  he was convicted and, as outlined herein, he has previously had an "unobstructed procedural shot"

13  at presenting this claim.  Accordingly, the instant petition must be dismissed.  Because the Court

14  does not have jurisdiction to review the instant petition, the Court does not address the merits of

15  the instant petition.

16                          RECOMMENDATION

17        Based on the foregoing, it is HEREBY RECOMMENDED that:

18     1.     The instant petition for writ of habeas corpus be DISMISSED for lack of

19            jurisdiction; and

20     2.     The Clerk of Court be directed to enter judgment.

21        These Findings and Recommendations are submitted to the assigned United States District

22  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

23  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

24  thirty (30) days after being served with a copy, any party may file written objections with the court

25  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

26  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed

27  within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The

28  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:    June 16, 2006**              /s/ Sandra M. Snyder
   icido3                         UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28